# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0390V
**Filed: April 29, 2019**
UNPUBLISHED

| | |
|---|---|
| PAULA ROBERTS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Petitioner's Motion for a Decision Dismissing Her Petition; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA); Shoulder Injury; Vaccine Act Entitlement |

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for petitioner.
*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for respondent.

### DISMISSAL DECISION[1]

**Dorsey**, Chief Special Master:

On March 14, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered chronic left shoulder pain as a result of an influenza vaccine administered in 2013. Petition at 1. The petition indicates that petitioner only recently sought counsel and that at the time the petition was filed, complete medical records had been ordered but not received, and the statute of limitations was anticipated to run on March 19, 2019. *Id.* at 1-2.

On April 25, 2019, petitioner filed a motion for a dismissal decision stating that after a review of additional medical records it was determined that petitioner did not

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

report symptoms of a shoulder injury related to vaccine administration ("SIRVA") within 48 hours of her vaccination. Petitioner's Motion for a Decision Dismissing Petition, filed April 25, 2019 (ECF No. 9). Petitioner states that she would therefore "be unable to prove that she is entitled to compensation in the Vaccine Program." *Id.* Under these circumstances, petitioner agrees "that to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." *Id.* Petitioner states that she "understands that a decision by the [undersigned] dismissing her petition will result in a judgment against her. She has been advised that such a judgment will end all of her rights in the Vaccine Program." *Id.*

To receive compensation under the Vaccine Act, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that she suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose any evidence that petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. § 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine. For these reasons, and in accordance with § 12(d)(3)(A), **petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.